■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC APOLINAR, Appellant.—Judgment, Supreme Court, New York County (Paul Bookson, J., at suppression hearing and jury trial), rendered March 3, 1989, convicting defendant of attempted robbery in the second degree and sentencing him to an indeterminate term of 1⅔ to 5 years' imprisonment, unanimously affirmed.

The elderly complainant, who was walking near 101st Street, was approached by one Quintana, who placed his hand into the complainant's pocket. A short while later, as the complainant reached his residence, he was thrown to the ground by Quintana, after which Quintana and defendant searched his pockets. The doorman and superintendent of complainant's residence came to the complainant's assistance; both identified defendant at trial.

We reject defendant's claim that his conviction should be reduced to attempted grand larceny in the fourth degree. While the victim had health problems, we find no basis to disturb the jury's determination of his credibility. The victim demonstrated his ability to recount the details of the night in question, as well as many significant events of his life during the course of an extended cross-examination. Moreover, his testimony was corroborated by the testimony of both a superintendent and a doorman who were witnesses.

Evidence that Quintana put his hand in the victim's pocket the first time was properly admitted, since this act was not a prior uncharged crime, but was part of a single criminal incident. Defendant's remaining claims are unpreserved and without merit. The court did not give the jury an expanded charge on the victim's capacity to recall and retain what he perceived (1 CJI[NY] 7.00, at 260), but defendant did not ask for one, and we find the court's general instructions to have adequately conveyed the principles needed to assess the vic-

tim's testimony. Moreover, counsel's extended inquiry as to the victim's medical problems made it plain that the value of his testimony depended on an assessment of his faculties by the jury.

Nor do we find the prosecutor's summation in any way suggestive that defendant could be found guilty on proof less than that beyond a reasonable doubt, and in light of defense counsel's argument on the evidence, we find the prosecutor's remarks to be responsive and not prejudicially inflammatory. *(People v Marks,* 6 NY2d 67, 77, *cert denied* 362 US 912.) Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.